# EXHIBIT A

(Complaint, filed on June 11, 2020 in the Superior Court of the State of California, Los Angeles County, Case No. 20STCV22193)

Electronically FILED by Superior Court of California, County of Los Angeles on 06/11/2020 06:35 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk
20STCV22193

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: David Cowan

**CALLAHAN & BLAINE, APLC**
Edward Susolik (SBN 151081)
Richard T. Collins (SBN 166577)
Raphael Cung (SBN 201829)
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone (714) 241-4444

Attorneys for Plaintiffs BA LAX, LLC, *et al.*

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES - CENTRAL

| | |
|---|---|
| BA LAX, LLC; CANDLEBERRY PROPERTIES, L.P.; SUN BEVERLY, LLC; SUNSTONE CENTURY, LLC; SVI AIRPORT, LLC; SVI HEALDSBURG, LLC; SVI LAX, LLC; and SVI 6344 ARIZONA, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  20STCV22193<br><br>**COMPLAINT FOR:**<br><br>(1) Breach of Contract<br>(2) Breach of Implied Covenant of Good Faith and Fair Dealing / Bad Faith<br>(3) Declaratory Relief<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

**EXHIBIT A**

6

## INTRODUCTION

1. This is an insurance coverage action arising from Defendant Hartford Fire Insurance Company ("Hartford's") improper refusal to cover Plaintiffs for the devastating losses to their hotels and office rental facility caused by the coronavirus pandemic. This coverage includes the business income coverage that Plaintiffs are entitled to after paying Hartford significant premiums every year.

2. Hartford's unlawful refusal to pay the policy benefits constitutes breach of contract and insurance bad faith. Accordingly, Plaintiffs seek compensatory damages, a declaratory judgment, attorneys' fees, litigation costs, and any other relief that the Court may award in this matter.

## THE PARTIES

3. Plaintiff BA LAX, LLC is a California limited liability company.

4. Plaintiff CANDLEBERRY PROPERTIES, L.P. is a California limited partnership.

5. Plaintiff SUN BEVERLY, LLC is a California limited liability company.

6. Plaintiff SUNSTONE CENTURY, LLC is a California limited liability company.

7. Plaintiff SVI AIRPORT, LLC is a California limited liability company.

8. Plaintiff SVI HEALDSBURG, LLC is a California limited liability company.

9. Plaintiff SVI LAX, LLC is a California limited liability company.

10. Plaintiff SVI 6344 ARIZONA, LLC is a California limited liability company.

11. For ease of reference, the entities set forth in paragraphs 3-10 above are referred to collectively in this Complaint as "Plaintiffs."

12. Defendant Hartford Fire Insurance Company ("Hartford") is, on information and belief, a Connecticut corporation that does business in California.

13. Plaintiffs have no knowledge of the true names and capacities of the defendants sued herein as DOES 1-10 (the "Doe Defendants"), and therefore, pursuant C.C.P. § 474, sues these Doe Defendants by such fictitious names. Plaintiffs shall seek leave to amend this Complaint to allege the true names and capacities of said Doe Defendants if and when their identities and roles are ascertained. Each of said fictitiously named Doe Defendants are legally

responsible in some manner for the occurrences and damages alleged herein, and Plaintiffs' damages as herein alleged were proximately caused by the acts of these Doe Defendants.

14. At all times herein mentioned, all Defendants were the agents, servants, employees, instrumentalities, representatives, co-venturers, partners, and/or alter egos of the other Defendants. In doing the things hereafter alleged, such Defendants were acting in the scope of their authority as agents, servants, employees, instrumentalities, representatives, co-venturers, partners, and/or alter egos, and with the permission and consent of all other Defendants, and as such share liability with each other in respect to the matters complained of herein.

## JURISDICTION AND VENUE

15. The Court has personal jurisdiction over the parties because Plaintiffs are citizens of California, and because Hartford does business in California and otherwise has at least the minimum contacts here.

16. Pursuant to C.C.P. § 395.5, venue is proper because Hartford's liability to Plaintiffs arises in this County and judicial district. Among other things, seven of the eight real properties relevant to this Complaint, and the insurance coverage for which is at issue, are located in this County.

## COMMON ALLEGATIONS

17. Plaintiffs own and operate real properties as set forth below (together, the "Properties"). With the exception of Hotel Trio Healdsburg, which is located in Sonoma County, California, all of the foregoing Properties are in this County.

| No. | Plaintiff | Property |
|---|---|---|
| 1 | BA LAX, LLC | LAX Embassy Suites |
| 2 | Candleberry Properties, L.P. | AC Marriott Beverly Hills |
| 3 | Sun Beverly, LLC | Residence Inn by Marriott Beverly Hills |
| 4 | Sunstone Century, LLC | Courtyard by Marriott LAX |
| 5 | SVI Airport, LLC | H Hotel Los Angeles |

EXHIBIT A
8

| 6 | SVI Healdsburg, LLC | Hotel Trio Healdsburg |
| 7 | SVI LAX, LLC | Residence Inn by Marriott LAX |
| 8 | SVI 6344 Arizona, LLC | Creative Office Rental |

18. Plaintiffs are insureds under a "Property Choice Elite" insurance policy issued by Hartford, policy number 72 UFJ ZX0084 (the "Policy"). The Policy is effective for the period of August 1, 2019 to August 1, 2020.

19. The Policy was entirely drafted by Hartford without any negotiation, and therefore it must be construed against Hartford and against denial or limitation of coverage, and in favor of Plaintiffs and the finding of coverage.

20. As elaborated below, the Policy covers the losses that Plaintiffs have suffered with respect to the Properties, including but not limited to the loss of business income from the same.

21. COVID-19 is a deadly communicable disease that, as of this writing, has infected approximately 2 million people in the United States and caused more than 110,000 deaths. There is currently no vaccine for COVID-19, and it may take at least another 12 to 18 months to develop and mass-market a reliable vaccine.

22. The World Health Organization ("WHO") has declared the COVID-19 outbreak a pandemic. The federal government has declared a nationwide emergency due to the public health emergency caused by the COVID-19 outbreak in the United States. Among other things, the federal government and state and local authorities have prohibited and/or strongly discouraged physical movement more than the absolutely necessary, especially business or leisure travel.

23. The incubation period for COVID-19, the time between exposure (becoming infected) and symptom onset, can be up to 14 days.

24. During this period (also known as the "pre-symptomatic" period), infected persons can be contagious, and disease transmission can occur before the infected person shows any significant symptoms or has any reason to believe they are infected.

25. Not only does COVID-19 spread by human-to-human transfer, but it can exist on contaminated objects or surfaces.

- 4 -
COMPLAINT

26. COVID-19 is detectable in aerosols for up to three hours, up to four hours on copper, up to 24 hours on cardboard, and up to three days on plastic and stainless steel. It also persists on wood, ceramic, and cloth. In other words, while infected droplets and particles carrying COVID-19 may not be visible to the naked eye, they are *physical* objects which travel to other objects and cause harm.

27. In fact, the Center for Disease Control reported on March 27, 2020 that Covid-19 was identified on the surfaces of cabins onboard the Diamond Princess cruise ship 17 days after the cabins were vacated but before they were disinfected. Numerous other scientific studies and articles have identified the persistence of Covid-19 on doorknobs, toilets, faucets and other high touch points.

28. All of the foregoing materials are used by Plaintiffs throughout the Properties and their operations. Accordingly, individuals could become infected with COVID-19 through indirect contact with surfaces or objects used by an infected person, whether they were symptomatic or not.

29. In an effort to slow the spread of COVID-19 and as a consequence of physical damage caused by COVID-19, state and local governments have imposed unprecedented directives prohibiting travel into the United States; discouraging domestic travel; requiring certain businesses to close; and requiring residents to remain in their homes unless performing "essential" activities, like shopping for food or seeking medical treatment (together, "Stay At Home Orders").

30. These Stay At Home Orders include but are not limited to the following: California Governor Gavin Newsom's Order N-33-20 dated March 19, 2020; County of Los Angeles' Safer at Home Public Health Order of March 21, 2020; City of Los Angeles Safer at Home Emergency Order of Match 19, 2020.County of Sonoma Shelter in Place Order dated March 17, 2020.

31. Stay at Home Orders remain wholly or partially in effect with respect to the Properties.

32. As facilities that rely on materials and customers from around the area, state, nation, and globally, the foregoing Stay at Home Orders, the damage caused by COVID-19, and the transmission of COVID-19, have had a devastating effect on the Properties' business. Among

other things, Plaintiffs' net incomes (i.e., their EBITDA, earnings before interest, taxes, depreciation, and amortization) have decreased by at least 70 percent since the beginning of the pandemic until the present, with continuing losses every day.

33. All of the Properties constitute "Covered Propert[ies]" and "Insured Premises" under the Policy.

34. Among the "Covered Causes of Loss" is "direct physical loss or direct physical damage that occurs during the Policy Period…." As stated above, the Properties did suffer direct physical loss and/or direct physical damage caused by the Covid-19 virus, from March 2020 to the present, which is within the "Policy Period."

35. In addition to covering, e.g., the cost of repair to or replacement of tangible physical property, the Policy also covers loss of "Business Income you sustain due to the necessary interruption of your business operations…," up to $40,000,000. "Business Income" is defined as, e.g., "Net Income" and "Continuing normal operating expenses" during the "Period of Restoration."

36. Plaintiffs did suffer loss of "Business Income" with respect to the Properties, which loss is continuing as of this writing since the "Period of Restoration" has not ended.

37. Moreover, Plaintiffs' losses stemming from Covid-19 have triggered the following additional and other coverages under the Policy: Civil Authority; Ingress and Egress; Ordinance or Law – Increased Period of Restoration; and Extra Expense.

38. For instance, under the "Civil Authority" provision, there is coverage for loss of Business Income "when access to your 'Insured Premises' is specifically prohibited by order of a civil authority as the direct result of a covered Cause of Loss to property in the immediate order of your 'Insured Premises.'" Due to the Stay at Home Order as set forth above, state and local civil authorities in California did, in fact, prohibit access to areas in the immediate area of the Properties, which are all "Insured Premises."

39. No exclusion in the Policy applies to preclude or limit coverage for Plaintiffs' losses. To the extent that Hartford contends that any exclusion or other provision applies to bar or

- 6 -
COMPLAINT

limit coverage, the Policy is, at best, ambiguous and contradictory, and therefore must be construed in favor of coverage, and/or any purported provision is unenforceable.

40. Plaintiffs tendered their claim for the above coverage to Hartford.[1] Hartford has denied and otherwise failed to cover the claim.

### FIRST CAUSE OF ACTION
### BREACH OF INSURANCE CONTRACT

41. Plaintiffs incorporate by reference paragraphs 1-40 above as though they are fully set forth herein.

42. Plaintiffs suffered a loss, all or part of which was covered under an insurance policy with Hartford, including but not limited the loss of its business income;

43. Hartford was notified of the loss as required by the Policy, on or about April 28, 2020.

44. Plaintiffs were damaged by Hartford's refusal or failure to pay for such loss, in an amount to be determined at trial but at least within the jurisdictional requirement of this Court.

### SECOND CAUSE OF ACTION
### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING / BAD FAITH

45. Plaintiffs incorporate by reference paragraphs 1-44 above as though they are fully set forth herein.

46. Plaintiffs suffered a loss covered under an insurance policy with Hartford.

47. Hartford was notified of the loss.

48. Hartford unreasonably failed to pay the policy benefits owing to Plaintiffs. Specifically, Hartford had no proper cause for its conduct, based on the information that Hartford knew or reasonably should have known at the time when it failed to pay such policy benefits.

49. Plaintiffs are first-party insureds, so Hartford had a duty under California insurance state regulations to handle insurance claims in a fair and reasonable manner. Without limiting the

---

[1] Plaintiffs' claims were submitted on their behalf by Seaview Investors, LLC, which has management contracts with Plaintiffs (and is also a named Insured under the Policy).

generality of the foregoing, Hartford had a duty and is in breach of the duties listed under California Insurance Code § 790.03(h), which provides that the following is a violation of law: "Knowingly committing or performing with such frequency as to indicate a general business practice any of the following unfair claims settlement practices":

...

(5) Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

...

(7) Attempting to settle a claim by an insured for less than the amount to which a reasonable man would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;

...

(12) Failing to settle claims promptly, where liability has become apparent, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

(13) Failing to provide promptly a reasonable explanation of the basis relied on in the insurance policy, in relation to the facts or applicable law, for denial of a claim or the offer of a compromise settlement.

50. Instead, Hartford knew that its refusal to provide business interruption coverage under the Policy with respect to Plaintiffs' claim was designed to circumvent Hartford's duty to comply with applicable regulations, so as to maximize its profitability by retaining the money paid by Plaintiffs for the Policy without providing coverage to them as required by the California Insurance Code.

51. In fact, on April 14, 2020, and after receiving "numerous complaints from businesses, public officials, and other stakeholders," the California Insurance Commissioner issued a Notice that warned insurers such as Hartford to "accept, forward, acknowledge, and fairly investigate all business interruption insurance claims submitted by businesses" and to "comply with their contractual, statutory, regulatory and other legal obligations in connection with all

- 8 -
COMPLAINT

1 California insurance claims, including but not limited to, Business Interruption insurance claims...
2 filed by California businesses."
3     52.    In wrongfully denying Plaintiffs' claims and engaging in other improper conduct as
4 stated above, Hartford has violated the California's insurance statutes, regulations, the foregoing
5 Insurance Department notice, and other authority.
6     53.    Plaintiffs were harmed, and Hartford's failure to pay was a substantial factor in
7 causing Plaintiffs' harm, including bad faith damages, in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### DECLARATORY RELIEF

10     54.    Seaview incorporates by reference paragraphs 1-53 above as though they are fully
11 set forth herein.
12     55.    Under Code of Civil Procedure § 1060, *et seq.*, a court may declare rights, status,
13 and other legal relations whether or not further relief is or could be claimed.
14     56.    An actual controversy has arisen between Plaintiffs and Hartford as to the rights,
15 duties, responsibilities and obligations of the parties, in that Plaintiffs and Hartford dispute
16 whether coverage is afforded to Plaintiffs under the Policy for the losses as stated above.
17     57.    Resolution of the duties, responsibilities and obligation of the parties, and a
18 declaration of the Court, are needed to resolve the dispute and controversy; namely, the extent to
19 which there is coverage for Plaintiffs' losses under the Policy, and the amount of benefits to which
20 Plaintiffs are entitled.

### PRAYER FOR RELIEF

22 Whereas, based on the foregoing factual allegations and causes of action asserted here,
23 Plaintiffs BA LAX, LLC; Candleberry Properties, L.P.; Sun Beverly, LLC; Sunstone Century,
24 LLC; SVI Airport, LLC; SVI Healdsburg, LLC; SVI LAX, LLC; and SVI 6344 Arizona, LLC
25 pray for the following relief against Defendant Hartford Fire Insurance Company and any and all
26 other Defendants, jointly and severally:
27     (a)    Compensatory damages, including but not limited to bad faith damages, in an
28 amount to be proven at trial;

- 9 -
COMPLAINT

(b) Interest at the maximum legal rate on all amounts owed under the Policy, accruing from the date upon which benefits should have been paid.

(c) A judicial declaration that Plaintiffs are entitled to coverage under the Policy;

(d) An award of litigation costs;

(e) An award of attorneys' fees;

(f) Any and all other relief that the Court may deem appropriate.

Dated: June 11, 2020       CALLAHAN & BLAINE, APLC

By: _____
Edward Susolik
Richard T. Collins
Raphael Cung
Attorneys for Plaintiffs BA LAX, LLC, *et al.*

### DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment of the United States Constitution, the Constitution of California, and any and all other applicable law, Plaintiffs BA LAX, LLC, *et al.* hereby request a jury trial in this action for all claims so triable.

Dated: June 11, 2020       CALLAHAN & BLAINE, APLC

By: _____
Edward Susolik
Richard T. Collins
Raphael Cung
Attorneys for Plaintiffs BA LAX, LLC, *et al.*

- 10 -
COMPLAINT

EXHIBIT A
15