UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-06344-SVW-JPR | Date | 1/12/2021 |
|---|---|---|---|

JS-6

| Title | *BA LAX, LLC et al. v. Hartford Fire Insurance Company* |
|---|---|

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING MOTION FOR SUMMARY JUDGMENT [17]

## I. Introduction

Before the Court is Defendant Hartford Fire Insurance Company's motion for summary judgment in this insurance recovery case. For the reasons articulated below, the Court GRANTS the motion for summary judgment.

## II. Factual and Procedural Background

### a. Parties and the Policy

Plaintiffs are eight owners and operators of commercial properties. Dkt. 1-2 ("Compl.") ¶ 17. Seven of the eight properties are used for hotels, and the eighth is used for office rental. *Id.* Seven of the eight properties are located in Los Angeles County, and the eighth is in Sonoma County. *Id.*

Plaintiffs are insured by a "Property Choice Elite" policy ("the Policy") effective August 1, 2019 through August 1, 2020. Plaintiffs' Statement of Genuine Issues (SGI), Dkt. 22-1 ¶ 3.

:

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06344-SVW-JPR | Date | 1/12/2021 |
|---|---|---|---|
| Title | *BA LAX, LLC et al. v. Hartford Fire Insurance Company* | | |

### b. COVID-19 Pandemic

The COVID-19 pandemic is familiar to the parties and to the Court and requires no background discussion. Plaintiffs claim a loss in revenue of 70 percent from the beginning of the pandemic through June 11, 2020. SGI ¶ 2. They attribute this loss to "Stay at Home Orders, the damage caused by COVID-19, and the transmission of COVID-19." *Id.*

### c. Tender and Denial

Plaintiffs allege that they tendered their claim to Defendant through their contracted manager, and that Defendant denied the claim. Compl. ¶ 40 & n.1.

### d. Relevant Policy Provisions

As relevant to the instant motion, the Policy covers "direct physical loss or direct physical damage to … Covered Property at an 'Insured Premises' … caused by or resulting from a Covered Cause of Loss." Declaration of Kevin E. Majewski, Dkt. 27-1, Ex. A at 23. The Policy defines Covered Cause of Loss as "direct physical loss or direct physical damage that occurs during the Policy Period and in the Coverage Territory unless the loss or damage is excluded or limited in this policy." *Id.* at 41.

In separate coverage forms, the Policy extends coverage to Business Income and Extra Expense. The Business Income provision covers "actual loss of Business Income you sustain due to the necessary interruption of your business operations during the Period of Restoration due to direct physical loss of or direct physical damage to property caused by or resulting from a Covered Cause of Loss at 'Insured Premises.'" *Id.* at 52. The Extra Expense provision covers "actual, necessary and reasonable Extra Expense you incur due to the necessary interruption of your business operations during the Period of Restoration due to direct physical loss of or direct physical damage to property caused by or resulting from a Covered Cause of Loss at 'Insured Premises.'" *Id.* at 60.

Both the Business Income and Extra Expense coverage forms contain coverage extensions for Civil Authority, Ingress or Egress, and Ordinance or Law – Increased Period of Restoration. The Civil

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06344-SVW-JPR | Date | 1/12/2021 |
|---|---|---|---|
| Title | BA LAX, LLC et al. v. Hartford Fire Insurance Company | | |

Authority provision requires prohibited access "by order of a civil authority as the direct result of a Covered Cause of Loss to property in the immediate area of your 'Insured Premises.'" *Id.* at 54, 61. The Ingress or Egress provision requires prohibited ingress or egress "as the direct result of a Covered Cause of Loss to property at premises that is contiguous to your 'Insured Premises.'" *Id.* at 56, 63. The Ordinance or Law provision covers additional compliance costs "[i]f a Covered Cause of Loss occurs to property at 'Insured Premises.'" *Id.* at 56-57, 64.

In the covered causes of loss and exclusions form, the Policy contains a virus exclusion. It reads: "We will not pay for loss or damage caused directly or indirectly by … [p]resence, growth, proliferation, spready or any activity of 'fungus,' wet rot, dry rot, bacteria or virus." *Id.* at 41-42. The Business Income and Extra Expense coverage forms incorporate this list of exclusions. *Id.* at 53, 61. The virus exclusion has a few exceptions for particular causes that are not at issue in this case. *Id.* at 21, 42.

### III.  Legal Standard

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining a motion for summary judgment, all reasonable inferences from the evidence must be drawn in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." *Id.* at 248.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-06344-SVW-JPR | Date | 1/12/2021 |
| Title | BA LAX, LLC et al. v. Hartford Fire Insurance Company | | |

### IV. Application[1]

#### a. Interpretation of Insurance Agreements

"Under California law, interpretation of an insurance policy is a question of law, subject to the ordinary rules of contractual interpretation." *AXIS Reinsurance Co. v. Northrop Grumman Corp.*, 975 F.3d 840, 847 (9th Cir. 2020) (citations omitted). "[T]he fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties." *Id.* (quoting *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1264 (1992)).

"When interpreting a policy provision, we must give terms their ordinary and popular usage, unless used by the parties in a technical sense or a special meaning is given to them by usage." *Palmer v. Truck Ins. Exch.*, 21 Cal. 4th 1109, 1115 (1999) (citation and quotation marks omitted).

"If contractual language is clear and explicit, it governs." *AXIS Reinsurance Co.*, 975 F.3d at 847 (quoting *Bank of the West*, 2 Cal. 4th at 1264-65). "[Courts] will not strain to create an ambiguity where none exists or indulge in tortured constructions to divine some theoretical ambiguity in order to find coverage where none was contemplated." *Fireman's Fund Ins. Co. v. Superior Court*, 65 Cal. App. 4th 1205, 1212-13 (1997) (citations omitted).

#### b. Direct Physical Damage or Direct Physical Loss

Plaintiffs invoke five coverages under the Policy – Business Income, Extra Expense, Civil Authority, Ingress and Egress, and Ordinance or Law – Increased Period of Restoration. Compl. ¶¶ 34-38.

---

[1] Plaintiffs argue that Defendant's motion should be denied for failure to comply with the meet-and-confer requirement under L.R. 7-3. Plaintiffs cannot reasonably claim to be surprised by the motion. The Court expressly ordered Defendant to file a motion for summary judgment within 45 days of September 17, 2020. Dkt. 15. Moreover, the Court granted a stipulation to allow Plaintiffs three weeks to respond after the motion was filed. Dkt. 20. Under these circumstances, the Court agrees with Defendant that no meet-and-confer was required and Defendant has suffered no prejudice.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06344-SVW-JPR | Date | 1/12/2021 |
|---|---|---|---|
| Title | *BA LAX, LLC et al. v. Hartford Fire Insurance Company* | | |

Under the Policy, the insured must have suffered "direct physical loss" or "direct physical damage" to its property to recover for Business Income, Extra Expense, and Ordinance or Law coverages. The Policy's general coverage provision explains that "[w]e will pay for direct physical loss of or direct physical damage … caused by or resulting from a Covered Cause of Loss." Majewski Decl., Ex. A at 23. The Policy goes on to define Covered Cause of Loss as "direct physical loss or direct physical damage that occurs during the Policy Period and in the Coverage Territory…." *Id.* at 41. The sections addressing scope of coverage for Business Income and Extra Expense limit recovery to "direct physical loss of or direct physical damage to property caused by or resulting from a Covered Cause of Loss at 'Insured Premises.'" *Id.* at 52 (Business Income); *id.* at 60 (Extra Expense). Likewise, Ordinance or Law coverage requires "a Covered Cause of Loss … to property at 'Insured Premises.'" *Id.* at 56, 64.

The Civil Authority and Ingress or Egress provisions allow recovery for disruptions resulting from direct physical loss or direct physical damage elsewhere. As mentioned above, Covered Cause of Loss is defined as "direct physical loss or direct physical damage." *Id.* at 41. The coverage extension for Civil Authority requires prohibited access "as the direct result of a Covered Cause of Loss to property in the immediate area of your 'Insured Premises.'" *Id.* at 54, 61. Ingress or Egress coverage requires prohibited ingress or egress "as the direct result of a Covered Cause of Loss to property at a premise that is contiguous to your 'Insured Premises.'" *Id.* at 56, 63.

The meaning of "direct physical damage" and "direct physical loss" is well established under California law. Property must undergo a "distinct, demonstrable, physical alteration." *MRI Healthcare Ctr. of Glendale, Inc. v. State Farm Gen. Ins. Co.*, 187 Cal. App. 4th 766, 779 (2010) (citation and quotation marks omitted). "Detrimental economic impact" does not suffice. *Id.* (citation and quotation marks omitted); *see also Doyle v. Fireman's Fund Ins. Co.*, 21 Cal. App. 5th 33, 39 (2018) ("[D]iminution in value is not a covered peril, it is a measure of loss" in property insurance (citation omitted)). "[T]he phrase 'loss of' includes the permanent dispossession of something.'" *Total Intermodal Servs., Inc. v. Travelers Property Cas. Co. of Am.*, 2018 WL 3829767, at *4 (C.D. Cal. 2018).

In policies with similar language and scope, numerous courts have now held that neither the presence of COVID-19 in society nor government restrictions can by themselves constitute direct

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06344-SVW-JPR | Date | 1/12/2021 |
|---|---|---|---|
| Title | *BA LAX, LLC et al. v. Hartford Fire Insurance Company* | | |

physical loss or direct physical damage under California law.  *See*, *e.g.*, *Trinh, DDS, Inc. v. State Farm Gen. Ins. Co.*, 2020 WL 7696080, at *4-*5 (N.D. Cal. 2020); *Mortar and Pestle Corp. v. Atain Specialty Ins. Co.*, 2020 WL 7495180, at *3-*4 (N.D. Cal. 2020); *Geragos & Geragos Engine Co. No. 28, LLC v. Hartford Fire Ins. Co.*, 2020 WL 7350413, at *3 (C.D. Cal. 2020); *Long Affair Carpet and Rug, Inc. v. Liberty Mutual Ins. Co.*, 2020 WL 6865774, at *2-*3 (C.D. Cal. 2020); *Water Sports Kuai, Inc. v. Fireman's Fund Ins. Co.*, 2020 WL 6562332, at *3-*7 (N.D. Cal. 2020); *West Coast Hotel Mgmt., LLC v. Berkshire Hathaway Guard Ins. Co.*, 2020 WL 6440037, at *4 (C.D. Cal. 2020); *Travelers Cas. Ins. Co. of Am. v. Geragos and Geragos*, 2020 WL 6156584, at *3-*5 (C.D. Cal. 2020); *Pappy's Barber Shops, Inc. v. Farmers Grp., Inc.*, 2020 WL 5500221, at *4-*6 (S.D. Cal. 2020); *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 2020 WL 5525171, at *3-*7 (N.D. Cal. 2020); *10E, LLC v. Travelers Indemnity Co. of Conn.*, 2020 WL 5359653, at *4-*6 (C.D. Cal. 2020).

Plaintiffs have not even attempted to provide evidence demonstrating loss or damage – nothing about loss or damage at their premises, in contiguous locations, or in the immediate area.

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."  Fed. R. Civ. P. 56(e)(3).  Plaintiffs did not dispute Defendants' characterization of their position as follows: "[t]he Complaint attributes their decrease in income to 'Stay at Home Orders, the damage caused by COVID-19, and the transmission of COVID-19."  SGI ¶ 2.

Here, there is no evidence – much less an allegation – of distinct, demonstrable, physical alteration, or permanent dispossession of property, at Plaintiffs' premises, at contiguous locations, or in the immediate area.  Therefore, Plaintiffs cannot establish the Business Income, Extra Expense, Civil Authority, Ingress or Egress, or Ordinance or Law coverages.

### c.  Virus Exclusion

Defendant also argues that the Policy's virus exclusion bars coverage under all of the provisions that Plaintiffs invoke.  The Court agrees.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06344-SVW-JPR | Date | 1/12/2021 |
|---|---|---|---|
| Title | BA LAX, LLC et al. v. Hartford Fire Insurance Company | | |

The Policy's virus exclusion states, "We will not pay for loss or damage caused directly or indirectly by … [p]resence, growth, proliferation, spread or any activity of 'fungus,' wet rot, dry rot, bacteria or virus." Majewski Decl. at 41-42.[2] The additional forms providing Business Income, Extra Expense, Civil Authority, Ingress or Egress, and Ordinance or Law coverages all incorporate the virus exclusion. *Id.* at 53, 61.

Numerous California courts have concluded that similar virus exclusions preclude coverage for business losses resulting from the spread of COVID-19 in society and from public health restrictions intended to mitigate that spread. *See*, *e.g.*, *Trinh, DDS, Inc.*, 2020 WL 7495180, at *3-*4; *Mortar and Pestle Corp.*, 2020 WL 7495180, at *5-*6; *10E, LLC v. Travelers Indemnity Co. of Conn.*, 2020 WL 6749361, at *2-*3 (C.D. Cal. 2020); *West Coast Hotel Mgmt., LLC*, 2020 WL 6440037, at *5-*6; *Geragos and Geragos*, 2020 WL 6156584, at *3-*4.

Here, Plaintiffs do not dispute that they are only seeking coverage for lost income due to "Stay at Home Orders, the damage caused by COVID-19, and the transmission of COVID-19." SGI ¶ 2. Plaintiffs offer no evidence about their losses. Even assuming Plaintiffs did lose income due to the spread of COVID-19 in society and public health restrictions, the virus exclusion would bar coverage because its meaning is unambiguous. Plaintiffs are claiming "loss or damage caused directly or indirectly by … any activity of … virus." Majewski Decl., Ex. A at 41-42. The transmission of COVID-19 surely counts as activity of a virus. Likewise, public health measures intended to mitigate the spread of COVID-19 are directly or indirectly caused by the activity of a virus. Plaintiffs' claimed losses therefore fall squarely within the scope of the virus exclusion.

Plaintiffs attempt to resist this conclusion by arguing that there is a material dispute regarding whether the efficient proximate cause of their losses was government restrictions as opposed to the virus. "An 'efficient proximate cause' is a cause of loss that predominates and sets the other cause of loss in motion." *Boxed Foods Co., LLC v. Cal. Capiptal. Ins. Co.*, 2020 WL 6271021, at *4 (citing *Garvey v. State Farm & Fire Cas. Co.*, 48 Cal. 3d 395, 402-03 (1989)). "When loss can be attributed to two causes—a covered and an excluded cause—coverage only exists if the efficient proximate cause of

---

[2] The exclusion has several exceptions for specified causes, but Plaintiffs do not argue that they are relevant to this case. *See* Majewski Decl., Ex. A at 42, 55-56, 62-63.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06344-SVW-JPR | Date | 1/12/2021 |
|---|---|---|---|
| Title | *BA LAX, LLC et al. v. Hartford Fire Insurance Company* | | |

the damage is covered under the policy." *Id.* (citing *Garvey*, 48 Cal. 3d at 403). Here, there is no genuine dispute that the activity of a virus, namely COVID-19, set government restrictions in motion, and is therefore the efficient proximate cause of Plaintiffs' claimed losses.

### d. Breach of Contract and Bad Faith Relief Claims

Because Plaintiffs are not entitled to coverage under any of the provisions of the Policy that they invoke, summary judgment is appropriate for Defendant on both the breach of contract and bad faith claims. *See 1231 Euclid Homeowners Ass'n v. State Farm Fire & Cas. Co.*, 135 Cal. App. 4th 1008, 1020-21 (2006) ("The failure of [a policy's] conditions precedent is a complete defense to [an insured's] breach of contract claim."); *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1151 (1990) ("Where benefits are withheld for proper cause, there is no breach of the implied covenant.").

### e. Rule 56(d) Request

Plaintiffs argue that the Court should defer ruling on the summary judgment motion until after it has had an opportunity to take discovery. The Court may defer ruling on summary judgment when the opposing party "(1) … has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home and Fin. Ctr., Inc. v. Federal Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (citation omitted).

Plaintiffs have failed to demonstrate that they are entitled to Rule 56(d) relief. Plaintiffs' counsel submitted an affidavit describing an outstanding request for documents that it served on Defendant. Declaration of Raphael Cung, Dkt. 22-2 ¶ 7. That subpoena seeks various records from Defendant's internal files. Plaintiff claims that the responsive records would show "what [Defendant] meant by the insurance provisions on which it relies" and "any loss reserves…." *Id.* ¶ 9. Plaintiffs have not articulated a purpose for using these internal records that would alter the Court's interpretation of the Policy. *See Sunniland Fruit, Inc. v. Verni*, 233 Cal. App. 3d 892, 898 (1991) ("Parol evidence may be admitted to explain the meaning of a writing when the meaning urged is one to which the written contract term is reasonably susceptible or when the contract is ambiguous.").

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06344-SVW-JPR | Date | 1/12/2021 |
|---|---|---|---|
| Title | *BA LAX, LLC et al. v. Hartford Fire Insurance Company* | | |

**V.   Conclusion**

For the foregoing reasons, the Court GRANTS Defendant's motion for summary judgment.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | PMC |